**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-30328
Summary Calendar
_____

SCOTT RINEHART JONES

Plaintiff-Appellant,

versus

AMERICAN COUNCIL ON EDUCATION

Defendant-Appellee.

_____

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**(98-CV-592-C-M2)**
September 21, 1999
_____

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

This appeal concerns the district court's dismissal of the plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Because the court relied improperly on factual inferences, we reverse the order and remand for further proceedings.

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except for the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**BACKGROUND**

Appellant Scott Rinehart Jones ("Jones") filed suit against the American Council on Education ("ACE") alleging that ACE violated the Americans with Disabilities Act, 42 U.S.C. §12102, when ACE, the developer of and administrator in Louisiana of the Tests of General Educational Development (the "GED"), denied Jones's request to modify questions on the GED to simple, direct questions. Claiming to suffer from various learning disabilities, Jones requested from ACE certain accommodations in taking the GED. Specifically, he requested that ACE give him extra time, give him a private examination room, allow him to use a calculator, and modify the test so that it contained only simple, direct questions without multiple parts. ACE allowed all the requested accommodations except the last.

In the district court's dismissal of Jones's suit, the court held that Jones's request for accommodation was ureasonable and thus not an accommodation permitted by the ADA. In finding Jones's request unreasonable, the court concluded that the request imposed an unreasonable financial and administrative burden and would alter the nature of the test.

**DISCUSSION**

"We review a Rule 12(b)(6) dismissal de novo." Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994). A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355

U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); <u>Lowrey v. Texas A&M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997).

Although much of the district court's reasoning makes intuitive sense, the court based its decision on what are essentially factual assumptions, such as the impact on norming of test results created by changing the question format and even the basic content of the GED exam. Factual inferences may be drawn upon a motion for summary judgment after admissible evidence has been introduced, but not upon a motion to dismiss on the pleadings for failure to state a claim. While it may be doubtful that the appellant will prevail on the merits, the pleadings adequately stated a claim upon which relief could be granted.

We therefore **REVERSE** the district court's order and **REMAND** the case for further proceedings.

**REVERSED** and **REMANDED**.